## Mary A. Linn, et al., v. William T. Downing, et al.

1. FREEHOLD—*when, not involved.* A freehold is not involved in a creditor's bill proceeding brought to collect a judgment, and, to that end, to compel the execution of a trust, and by which a freehold could not be lost by one party nor gained by the other.

2. JUDGMENT—*how, revived, where partners were plaintiffs.* A proceeding to revive a judgment entered in favor of a copartnership should after the death of one partner be revived in the name of the surviving partner alone.

3. JUDGMENT—*when revival of, cannot be collaterally attacked.* An irregularity in the revival of a judgment cannot be availed of in a proceeding by creditor's bill filed to enforce the collection of such judgment.

4. TRUST—*to what extent equity will construe, for benefit of creditors of a beneficiary thereof.* A court of equity will not construe a will chiefly with reference to the relation existing between creditors and one of the beneficiaries thereof, who is likewise the trustee, in order to assist such creditors; but the first concern of the court will be to carry out the intention of the testatrix as to the beneficiaries other than such debtor trustee and beneficiary, and give its aid to such creditors as a secondary consideration and only when it can be seen that such aid can be given without injury to such other beneficiaries.

Creditors' bill. Appeal from the Circuit Court of Macon County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

JACK & DECK and HENRY SCHOFIELD, for appellants.

HUGH CREA and HUGH W. HOUSUM, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

This is a creditors' bill brought by appellants. A demurrer to the bill was sustained and the bill dismissed for want of equity at the costs of complainants.

The bill avers the recovery of a judgment by William H. Linn and William R. Scruggs, late partners as Linn & Scruggs, in the Circuit Court of Macon county on the 10th day of June, 1895, against said William T. Downing for $2,477.75 and costs; the death of W. H. Linn on June 19, 1900, testate, and by his will making complainant, Mary A. Linn, his sole legatee and beneficiary and executrix; the

revival of said judgment on the 17th day of November, 1902, upon writ of *scire facias* issued in the names of " Mary A. Linn, and Mary A. Linn executrix of the last will and testament of W. H. Linn, deceased, sole legatee and legal representative of the late W. H. Linn and W. R. Scruggs," which writ of *scire facias* was duly served on defendant W. T. Downing; the issuance of execution on said judgment and service thereof on Downing; the making of schedule by him showing that he was possessed of no money or credits, and return of execution " No property found." The bill further avers the marriage of W. T. Downing with Ida A. Downing; the death of Ida A. on February 13, 1898, testate, and seized of divers parcels of real estate in said county and elsewhere in this state; that the will was duly probated in the County Court of Macon county on March 10, 1898, letters testamentary thereon issued to defendant William T. Downing, and that said estate is still unsettled, and is in process of administration; that said Downing is still executor of said will, and has made no final report as such. A copy of the will is made a part of the bill. It devises to the defendant W. T. Downing, the husband of testatrix, a tract of sixteen and one-half acres in Macon county which she designates as her homestead, in trust, for a home for her husband and her mother during their natural lives and of the survivor of them, and for a home for her children until they respectively attain the age of twenty-one years, or, if they do not marry, until they attain the age of thirty years.

Second. " I give and bequeath to my said husband, in trust, all my personal property of every kind and description, other than moneys and credits, for the use and benefit of himself and for the use and benefit of my mother, during their lives, and during the life of the survivor of them, and for the use and benefit of my children, until they, respectively, shall arrive at the age of twenty-one years. Part of my said personal property consists of horses and vehicles. In case my said husband, as such trustee, shall deem it necessary to sell any of the horses or any of the vehicles, he shall be at liberty to do so, and with the proceeds of such sale, and out of other moneys which shall come

to his hands as such trustee, as hereinafter provided, he shall purchase such other horses, and such other vehicles as he may deem necessary for the use of himself, my mother and my children while they shall live with him on the real estate described in item 1 of this will."

Third, certain other lands and lots in Macon county and Marion county, Illinois, and eighty acres in Kansas, in trust; fourth, all her moneys and credits in trust; fifth, the will directs her husband to sell and convey all the real estate mentioned in item three " at such time or times and on such terms and for such prices as he may deem " best, lend the money arising from such sales on real estate security situate in Illinois, and also that he convert the credits into money, and such moneys, with the money on hand at her death, he shall lend in like manner as the moneys arising from the sale of real estate; sixth, provides for the payment of taxes, assessments, repairs and insurance, and rebuilding in case of destruction by fire, out of the funds arising from item five.

Seventh. " My said husband, as such trustee, shall, out of the moneys in his hands belonging to my estate, set apart an allowance of twelve hundred dollars per annum to meet the expenses of the maintenance of himself, my mother and my children, so long as my children shall, under the provisions of this will, live with their father on the said sixteen and one-half acres of real estate, which tract I hereby designate as my homestead, such amount of twelve hundred dollars to be retained by him in monthly installments of one hundred dollars each, and shall be, by him, devoted to the purposes in this item specified."

Eighth. " When said real estate, except said property designated as my homestead, shall all be sold, my said husband, as such trustee, shall set apart out of the fund, five thousand dollars to each of my children, and shall keep the same loaned with accumulations thereof, until my children, respectively, shall attain the age of thirty years, and as they shall, respectively, attain such age, he shall pay to them, respectively, the sum of five thousand dollars and its accumulations; provided the amount of moneys of my estate still remaining in his hands, shall be sufficient to produce an annual income of six hundred dollars, over and above the taxes and repairs on the buildings on the home-

stead, which sum of six hundred dollars I hereby expressly declare shall be an annual allowance for the maintenance of my said husband during his natural life, after my children, respectively, shall have attained the age of thirty years. In case none of my children shall reside with their father on the homestead after attaining the age of twenty-one years, then the said allowance of twelve hundred dollars per annum, in item 7 of this will specified to my husband, as such trustee, shall be reduced to six hundred dollars per annum, which amount shall thereafter be kept and retained by him out of the moneys belonging to my estate, in monthly installments of fifty dollars each; but this provision shall in nowise affect his right to the use and occupation of the said homestead so long as he shall live.

In case any of my children, after arriving at the age of twenty-one years, shall not continue to live with their father on said homestead, then the said allowance of twelve hundred dollars to my said husband, as aforesaid, shall be abated in the amount of two hundred dollars per annum; and as each one of my children thereafter shall cease to reside on said homestead with their father the said sum of twelve hundred dollars per annum shall be abated in the sum of two hundred dollars per annum until all of my children shall cease to live on the said homestead, under the provisions of this will, when, as hereinbefore provided, the entire allowance to my said husband for his maintenance shall be six hundred dollars per annum. If, in the judgment of my said husband, as such trustee, it may become necessary for the welfare of my children who shall cease to live on said homestead with their father after they shall arrive at the age of twenty-one years, that he should pay to each of such children the sum of two hundred dollars per annum, being the abatement of said allowance of twelve hundred dollars when each child shall cease to live on said homestead, then he shall be at liberty to pay such sum of two hundred dollars per annum to each of such children out of the income of moneys belonging to my estate and not otherwise appropriated. In case my daughter Maud shall marry before she is twenty-one years of age, and shall cease to live at the said homestead, then the said trustee shall pay to her two hundred dollars, annually, out of the income of moneys belonging to my estate, and not otherwise appropriated by the provisions of this will."

Tenth. "On my children, respectively, arriving at the age of thirty years, if there shall not be sufficient money in

the hands of my said husband, as trustee, to meet the amount of five thousand dollars, and accumulations, for each of my children, as provided in item 8 of this will, after first maintaining intact a sufficient fund to produce the said amount of six hundred dollars annually, to my said husband, then, and in such case, such children respectively, shall be paid such a proportion of five thousand dollars, and accumulations thereof, as the fund then in the hands of my husband, as trustee, will permit."

Eleventh. . "I hereby expressly declare that all the devises, bequests and provisions made in and by this will for the use and benefit of my said husband, shall not, at any time, be subjected to the payment of any indebtedness of his existing at the time of my death or any indebtedness which he may thereafter contract; it being my true intent and purpose, in and by the provisions of this will in favor of my said husband, to secure to him a reasonable maintenance during his lifetime, which shall be beyond the reach of his creditors."

The bill further avers that the mother of the testatrix is dead; that the daughter Anna is married to one John Patin and resides with him in New Orleans; that the son Clifford has reached his majority; that the son William is a minor; and that both Clifford and William reside with the defendant William T. Downing on the said homestead; that defendant William T. Downing did not renounce the provisions of the will but has elected and taken the benefits under the will; that said defendant Downing has no other property than as vested in him under said will, out of which to make said judgment; . that complainants have no knowledge as to the extent to which the trust created by said will has been executed and that said knowledge is wholly within the control of the trustee; that if execution were again issued and levied on the interest of said defendant Downing under said will and the same sold, no more than a nominal sum would be realized by reason of the uncertainty as to the status of the trust and the extent of said defendant's interest.    The bill prays that " the court may construe so much of said will as creates an annuity and other benefits in said W. T. Downing arising out of said property; that defendant Downing discover the true and correct status of

the extent to which the said trust has been executed in so far as the said will creates for him an annuity and other benefit;" that in the event such discovery discloses that said Downing has not executed said trust to such an extent as to give him the full benefits of said "annuity or other beneficial interest" so directed by said will, that this court order that said Downing shall so execute said trust; that the amount due to complainants be ascertained and Downing ordered to pay same and in default of such payment that the said "annuity and other benefits" to said Downing be subjected to the satisfaction of the same as may be decreed by the court; and for general relief.

Appellees have made a motion to dismiss the appeal upon the ground that a freehold is involved. The motion will be overruled. The scope of the bill is to enforce the collection of a judgment and to that end to compel the execution of a trust established by the will; a freehold is neither lost nor gained by the result of the proceeding.

It is further urged by appellees that inasmuch as the original judgment was obtained in the names of Linn and Scruggs as partners, it could not be revived in the names of the personal representatives of Linn and the surviving partner, as was done, and that advantage can be taken of that irregularity in this proceeding. We are not inclined to take that view. That procedure was irregular; the revival should have been had in the name of the surviving partner alone; but it is sufficient until reversed in a direct proceeding by appeal or writ of error.

The only clauses of the will by which any personal benefit must accrue to the defendant W. T. Downing are the first, second and seventh. By the first clause the testatrix devises the tract of sixteen and one-half acres which she designated as "homestead," to her husband in trust for a home for her mother, her husband and her children. Appellants expressly disclaim any attempt or purpose to reach any interest or benefit of the husband in these premises. By the second clause the testatrix bequeaths to her husband all her personal property of any

kind and description other than moneys and credits, in trust for the use and benefit of her mother, her husband, and also her children until they respectively attain the age of twenty-one years.  By the fourth clause the testatrix bequeaths to her husband, in trust, all the moneys and credits which she may have or own at the time of her death.  The bill reads:  " Complainants further aver that none of them have any knowledge as to the extent to which the trust created in said will has been executed by said trustee, but that said knowledge is wholly within the control of said trustee."  The testatrix died February 13, 1898.  Her will was made October 21, 1896, and was probated March 10, 1898.  We must presume that all the personal ·property described in clauses two and four was inventoried and reported to the County Court as required by law, and description thereof was there to be found long before this bill was filed.  The bill does not show any attempt to ascertain what of such property, if any, there was at the death of the testatrix.  No inquiry appears to have been made of the defendant executor, or otherwise, nor any examination made of the records of the estate in the County Clerk's office.  This court is not advised by the bill that any such property exists, or if it does exist, that any attempt has been made to learn whether any part of it has come to the hands of the executor and trustee, and we shall not, therefore, spend time in discussing what the rights of the parties to this suit might be therein upon the supposition of its existence.  For the reasons above stated the bill, in so far as rights, if any, are predicated upon clauses two and four of the will, is demurrable.  The seventh clause of the will, and which is above quoted, concerns what counsel for appellants in their bill and brief designate as the annuity. Frequent use is made in the bill of the phrase " annuity and other benefits" of the defendant W. T. Downing, and it is the " annuity and other benefits" which are prayed to be subjected to the satisfaction of the judgment.  The matter of " other benefits " is not discussed by appellants; their brief and argument is wholly confined, as we under-.

stand it, to the matter of annuity as provided for in clause seven.

We think it is apparent from the will that the trustee, Downing, is directed to convert the real estate into money, such conversion to be made within the reasonable discretion of the trustee as to time, terms and price, and thereupon to keep the money arising therefrom at interest on real estate security. The discretion given is not an arbitrary one, resting wholly with him. It is also apparent the will provides that Downing, trustee, shall retain monthly out of the money in his hands, whether arising from "moneys and credits," if any, under the fourth clause, or from sales of real estate, or from the income thereof, the sum of one hundred dollars "to meet the expenses of the maintenance of himself, my mother and my children, so long as my children shall under the provisions of this will live with their father on" said homestead, and it is within the power of a court of equity on proper application by any party interested in such allowance to compel the retention and use thereof as by the will directed. As the children severally reach the age of twenty-one years and cease to live with the father, the allowance to be retained is to be reduced two hundred dollars per annum for each, and when all cease to live with him the allowance is reduced to the fixed sum of six hundred dollars for the benefit of the husband alone, to be by him taken in monthly installments of fifty dollars. Has the trustee, Downing, such an interest in this allowance as can be reached by a court of equity upon a creditor's bill? The mother of the testatrix died before this suit was begun; the daughter married Patin and resides away from the homestead; the son Clifford has reached the age of twenty-one; the son William P. is a minor, his age not stated, and both sons are residing with the father on the homestead. The daughter having married and left the homestead, the allowance which the trustee Downing is now entitled under the will to retain for the purposes specified in clause seven is one thousand dollars per annum. It is strenuously argued by counsel for appellants that the

whole of this sum is now subject to be applied in satisfaction of their judgment; that the two children now living with the trustee have no right or interest whatever therein which a court of equity can be called upon to protect; that it is entirely in the arbitrary discretion of the trustee whether he apply any part thereof to their use. We cannot agree to this contention. The last sentence of the seventh clause of the will provides that such allowance "shall be by him (the trustee) devoted to the purposes in this item specified." This language is mandatory. It does not leave to the trustee a discretion so to use or not as he may choose or determine. True, the manner of its use, the amount that may be required from time to time to be expended for each is in his discretion, but not an arbitrary discretion. He cannot refuse so to use it nor can he refuse so to use it in a reasonable way for the maintenance of each one and as the shifting circumstances of each and all may from time to time require. A court of equity may compel him to execute the trust upon a showing of either of these beneficiaries that the trust is being abused. True, the trustee takes the provisions of the will in exchange for his right of dower, but when he takes under the will he also takes subject to all the obligations imposed by the testatrix; he does not take in his own right absolutely. It is contended by appellants that if it be held that the trust inures to the benefit of all and is enforceable in behalf of the children, yet that the interest of the trustee, Downing, in the allowance can be severed; that the will itself makes the severance, so that his interest may be applied to the satisfaction of the judgment. It is argued that because the will provides for an abatement of two hundred dollars from the twelve hundred dollars as each child reaches the age of twenty-one and leaves the homestead, the interest of each child in the allowance is the sum of two hundred dollars, and the interest of the trustee is six hundred dollars, and that such has been the status of their rights since the death of the testatrix. We think not. While a court of equity will interfere in behalf of one of the children and

especially in behalf of a minor child to enforce the trust and prevent its abuse, yet by reason of the inherent difficulty of such a situation it would do so only in a plain case and only in general terms. Except in case of absolute necessity the court would make no fixed division of the fund between the beneficiaries to stand during the period of the trusteeship. The court will not construe this will merely or chiefly with reference to the relation subsisting between the complainants and the trustee and in order to assist the complainants, but its first concern will be to carry out the intention of the testatrix as to the benficiaries other than W. T. Downing, and give its aid to complainants as a secondary consideration, and only when it can be seen that such aid can be given without injury to those other beneficiaries. If the court could see that the provision of the will as to the beneficiaries other than W. T. Downing could be reasonably carried out, and at the same time the interest of W. T. Downing be subjected to the payment of complainants' judgment, the principles of equity would require it to be done; but unless it can be seen that such a course can be taken, equity will not interfere in behalf of the complainants. No one of these children is entitled to receive anything whatever under this will, except from said allowance, until he shall reach the age of twenty-one years, except in the case of the daughter, for whom it is provided that if she marry before she is twenty-one, and shall cease to live at the homestead, the trustee shall pay to her annually two hundred dollars, and as to the sons it is provided that the trustee may in his judgment, pay to each of them the sum of two hundred dollars after they severally reach twenty-one years of age and cease to live on the homestead. Nothing further is receivable by any one of them until the age of thirty years is attained. It is plain from a consideration of the entire will, and especially from the clauses, or items, numbered one, two, six, seven and eight, that the intent and most ardent wish of the testatrix was to keep the father and children together upon the old homestead, and with the old

surroundings, until at least the age of twenty-one years was reached by the children severally. To this end the entire estate, real and personal, is devised to the husband, but all in trust and on specific directions well calculated to accomplish the purpose in the mind of the testatrix. To have provided a specific sum to be paid to or spent for each child, each year or month, would probably have been destructive of the purpose in mind, the maintenance of the home, and would have rendered impossible that judicious distribution or expenditure of the fund which ever-changing circumstances of the several members might reasonably require. Counsel define "maintenance" as "feeding and clothing." We do not so define it under this will. It signifies much more. Food and clothing and shelter will maintain life, but the mere preservation of life is not the scope of this provision. The provision for such maintenance is mandatory notwithstanding the almost boundless confidence that seems to have been placed in the father, the trustee. The same conditions, in a changed form, exist now as existed at the testatrix's death. The minor child is still at home, how young in years does not appear; the older boy is still at home, both still maintained out of this allowance of one thousand dollars, both entitled to it, not by arithmetical shares, but by those almost indefinable divisions which only those conversant with ages, health, character, tastes and abilities could well determine. We must presume that the father is dispensing this allowance in accordance with the intent with which it was provided. There is no charge in the bill to the contrary. When the time comes provided for in the will, when the father shall receive an allowance of six hundred dollars in his own right and for his own benefit, such a bill as this may be maintained. Under existing circumstances it is not maintainable. The demurrer was properly sustained and the decree is affirmed.

*Affirmed.*